No. 25-1177

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

In re: U LOCK INC.,

Debtor.

CHRISTINE BIROS,

  Movant-Appellee,

v.

GEORGE SNYDER,

  Objector-Creditor-Appellant

---

On Appeal from the Judgment Entered December 31, 2024, by the United States District Court for the Western District of Pennsylvania, No. 2:24cv00135 (Hon. Cathy Bissoon, U.S.Dist. Judge), affirming the Order Entered January 8, 2024, by the United States Bankruptcy Court for the Western District of Pennsylvania at 22-bk-20823 (Hon. Gregory Taddonio, U.S.Bk. Judge)

---

## APPELLANT'S INFORMAL BRIEF AND APPENDIX VOLUME I

---

GEORGE SNYDER
PO BOX 15
IRWIN PA  15642
(412) 979-9999
georgecsnyder@pm.me

APPELLANT

**1**

TABLE OF CONTENTS

Table of Authorities………………………………………………………….. 2

Subject Matter and Appellate Jurisdiction…………………………………… 6

Statement of Issues…………………………………………………………… 8

Related Cases and Proceedings……………………………………………… 8

Statement of the Facts and the Case…………………………………………9

Summary of the Argument…………………………………………………… 32

Argument…………………………………………………………………….. 35

     The Bankruptcy Court erred and/or abused its discretion by
     allowing a settlement for administrative expense for rent without
     offsetting, or at least considering offsetting, the amounts the
     Trustee paid for property taxes on the same property………………,…35

Conclusion…………………………………………………………………… 42

Combined certifications………………………………………………………43

Appendix Volume I documents:

Page #

| a001 | District 23 | 1/28/25 | Notice of Appeal to the Third Circuit |
|---|---|---|---|
| a002 | Bank. 532 | 1/22/24 | Notice of Appeal to the District Court |
| a004 | Bank. 542 | 1/31/24 | Revised Notice of Appeal to District Ct |
| a006 | District 21 | 12/31/24 | Judgment of District Court |
| a007 | District 20 | 12/31/24 | Memorandum and Opinion of District Ct |
| a010 | Bank. 523 | 01/08/24 | Order of Bankruptcy Court |

## TABLE OF AUTHORITIES

**Statutes:**

11 USC 503(b)(1)(A)...................................................................... 7, 37

11 USC 507(a)............................................................................... 7, 16

11 USC 1129(a)(9)(A)....................................................................... 45

28 USC 157(b)................................................................................. 6

28 USC 158(a)(1)............................................................................. 6

28 USC 158(d)................................................................................ 6

28 USC 1291…………………………………………………………6

**Rules:**

Federal Rule of Bankruptcy Procedure 9019……………………9

Pennsylvania Rule of Appellate Procedure 2572(d)................... 12, 21

**Cases**:

*Biros v. Snyder,*
     No. 24-1842 (3rd Cir. pending)................................................. 9

*Biros v. Snyder,*
     No. 24-3134 (3rd Cir. pending)................................................. 9

*Biros v. Snyder,*
     No. 25-1845 (3rd Cir. pending)................................................. 9

*Biros v. Snyder*,
     2145 of 2025 (Westmoreland County, Pa., pending)................9

*Biros v. U Lock*,
     255 A3d 489, 492 (Pa. Super. 2021)........................................ passim

*Biros v. U Lock*,
     113 WDA 2024 (Pa. Super. Ct. pending)................................. 9

*Elsinore Shore Assoc. v.*
*First Fidelity Bank, NA (In re Elsinore Shore Assoc.),*
     67 B.R. 926 (Bankr. D.N.J. 1986)............................................. 39

*Gen. Motors Acceptance Corp. v. Dykes,*
     10 F.3d 184, 188 (3d Cir. 1993).................................................8

*In re Carmichael,*
     109 B.R. 849, 851 (Bankr. N.D. Ill. 1990)................................ 37

*In re Energy Future Holdings Corp.,*
     990 F.3d 728, 741 (3d Cir. 2021)..............................................7

*In re Glickman, Berkovitz, Levinson & Weiner, P.C.,*
     204 B.R. 450, 455 (E.D.Pa.1997)..............................35, 41, 42

*In re Jartran, Inc.,*
     886 F.2d 859, 871 (7th Cir. 1989)............................................ 37

*In re Jas Enters.,*
     180 B.R. 210, 217 (Bankr. D. Neb. 1995)................................ 37

*In re Jeans.com,*
     491 B.R. 16, (Bankr. D.P.R. 2013)........................................... 37

*In re Lister,*
     846 F.2d 55, 57 (10th Cir. 1988).............................................. 37

*In re New Century TRS Holding, Inc.,*
     612 F. App'x 147, 149 n.6 (3d Cir. 2015)................................. 8

*In re Philadelphia Mortgage Trust,*
     117 B.R. 820 (Bkrtcy. E.D. Pa. 1990)....................................... 37

*In re Pub Dennis of Cumberland, Inc.,*
     142 B.R. 38 (Bankr. D.R.I. 1992)............................................ 39

*In re RFE Indus., Inc.,*
     283 F.3d 159, 165 (3d Cir. 2002)............................................. .passim

*In re: U Lock,*
     2023 WL 308210, 72 Bankt.Ct. Dec.56
     (Bank. W.D.Pa. Jan. 17, 2023).................................. 14, 34, 41

*In re U Lock Inc.,*
      No. 24-1202, 2025 WL 52848 (3d Cir. Jan. 9, 2025)...............32

*In re U Lock, Inc.,*
      663 B.R. 30 (Bankr. W.D. Pa. 2024)........................................31, 34, 41

*In re U Lock, Inc.* (*Snyder v. Biros*),
      23-ap-2020, 652 B.R. 456 (Bankr. W.D. Pa. 2023)..................10,25, 38

*In re Woodstock Associates I, Inc.,*
      120 B.R. 436, 451 (Bkrtcy. N.D. Ill. 1990).............................37

*Mohawk Indus. v. United States (In re Mohawk Indus., Inc.),*
      82 B.R. 174 (Bankr. D. Mass. 1987)........................................39

*Myers v. Martin,*
      91 F3d 389, 393 (3rd Cir. 1996)................................................passim

*Official Comm. of Unsecured Creditors of Quantum Foods, LLC*
*v. Tyson Foods, Inc. (In re Quantum Foods, LLC),*
      554 B.R. 729 (Bankr. D. Del. 2016)........................................40

*Palm Beach Cty. Bd. of Pub. Instruction v. Alfar Dairy, Inc.*
      *(In re Alfar Dairy, Inc.)*, 458 F.2d 1258 (5th Cir. 1972)............39

*Protective Comm. for Indep. Stockholders of*
*TMT Trailer Ferry, Inc. v. Anderson,*
      390 U.S. 414, 424 (1968)........................................................ .41

*Snyder v. Biros,*
      No. 23CV1410, 2024 WL 69628 (W.D. Pa. Jan. 5, 2024)....... 30, 34,38

*Wolf Creek Colliers Co. v. GEX Kentucky, Inc.*
      127 B.R. 374, 379-80 (Bankr. N.D. OH 1991).........................37

*Zerodec Mega Corp. v. Terstep of Tex., Inc.*
*(In re Zerodec Mega Corp.)*
      59 B.R. 272 (E.D. Pa. 1986)....................................................39

*Zion First Nat'l Bank, NA. v. Christiansen Bros., Inc.*
*(In re Davidson Lumber Sales, Inc.),*
      66 F.3d 1560 (10th Cir. 1995)..................................................39

## SUBJECT MATTER AND APPELLATE JURISDICTION

### I.    Jurisdiction

On December 31, 2024, the district court entered its Memorandum and Order, a007, and its judgment, a006.  Snyder filed his timely Notice of Appeal on January 28, 2025.  a001. Therefore, this Court maintains jurisdiction pursuant to 28 USC 1291.  This Court also maintains jurisdiction pursuant to 28 USC 158(d) as this case involves a decision from a district judge acting on an appeal from a bankruptcy case.

The district court maintained jurisdiction over the appeal pursuant to 28 USC 158(a)(1) because the bankruptcy court entered a final Order approving the settlement between the Trustee and Christine Biros ("Biros") on January 8, 2024. a010, and Appellant George Snyder filed a timely Notice of Appeal on appeal on January 23, 2024, a002, which he revised on January 31, 2024, at the request of the Clerk of the Bankruptcy Court.  a004.

The bankruptcy court maintained jurisdiction pursuant to 28 USC 157(b) and Federal Rule of Bankruptcy Procedure 9019 because Biros filed a motion to approve settlement on March 1, 2023, a256, and renewed it through a motion to continue/reschedule hearing on November 29, 2023.  a449.

## II. Standing of George Snyder to Object and Appeal Settlement of Administrative Claim

To avoid confusion with other pending appeals in the U Lock bankruptcy and some comments by the bankruptcy court prior to Appellant receiving an approved administrative claim, standing should be mentioned.

This present appeal involves a so-called "settlement" to allow Christine Biros ("Biros") an administrative claim for rent relating to a lot that U Lock, the debtor, owned but she received through a constructive trust due to insolvency. Biros became the deeded owner as of January 2020, albeit through an *ex parte* communication with a state judge.

The administrative claim for rent places Biros in line for payout before the other creditors receive payment. Biros' claim is supposed to be for "actual, necessary costs and expenses of preserving the estate," which are treated as administrative expense claims entitled to priority under the Bankruptcy Code's distribution scheme and paid in full under a Chapter 11 plan unless the claimant agrees to other treatment. *See* 11 U.S.C. §§ 503(b)(1)(A), 507(a)(2), 1129(a)(9)(A); *In re Energy Future Holdings Corp.,* 990 F.3d 728, 741 (3d Cir. 2021).

Because Biros' administrative claim will diminish the Estate and reduce payment to Appellant George Snyder, he had standing to oppose the settlement and object. This is because Biros' claim will reduce the funds available to pay an

approved administrative claim due him, but which still has not been paid, *See* a426 (claim) and a492 (order approving claim and payment). In addition, Snyder also has a pending claim for indemnification from the Estate as a result of Biros suing him under RICO, *see Biros v. Snyder*, No. 25-1845 (pending 3rd Cir.) for acts he allegedly did as director of U Lock. a419. To date, no objections exist as to the pending claim.

Therefore, Snyder maintains standing to object because he is a person aggrieved by the decision of the bankruptcy court. *In re New Century TRS Holding, Inc.,* 612 F. App'x 147, 149 n.6 (3d Cir. 2015) (quoting *Gen. Motors Acceptance Corp. v. Dykes*, 10 F.3d 184, 188 (3d Cir. 1993)).

## STATEMENT OF ISSUE

I. Whether the Bankruptcy Court erred and/or abused its discretion by allowing a settlement for administrative expense for rent without offsetting, or at least considering offsetting, the amounts the Trustee paid for property taxes on the same property?

## RELATED CASES AND PROCEEDINGS

Presently before this Court are the appeals of Christine Biros where the district court dismissed RICO claims she filed against Appellant Snyder because of his participation in these legal proceedings. *See Biros v. Snyder*, 25-1845 (3rd. Cir.). In addition, U Lock's Petitioning Creditor is appealing the bankruptcy

court's denial of her bankruptcy claim based on Biros' objection.  *See Biros v. Snyder*, 24-1842 and 24-3134 (3rd Cir. pending).

Concurrently with Biros' appeal of the RICO case to this Court, she purported to "transfer" the case to the Court of Common Pleas of Westmoreland County, Pennsylvania, at 2145 of 2025.  *See also* Appellant's Motion to Dismiss Appeal filed in 25-1845.

Finally, Shanni Snyder, in the capacity as assignee of the Chapter 7 Trustee, is continuing an appeal in the Superior Court of Pennsylvania seeking *nunc pro tunc* permission to appeal the 2020 *ex parte* transfer of deeds to Christine Biros. *Biros v. U Lock*, Case 113 WDA 2024.  This appeal is awaiting a decision.

## STATEMENT OF THE FACTS AND THE CASE

This is a bankruptcy case involving U Lock Inc., a self-storage facility that was purchased by the company with Christine and John Biros as silent partners.

### I(a).  THE U LOCK PROPERTY

Biros made an unsecured loan for $305,000 to U Lock so it could buy a property.  The loan was scribbled on a piece of paper and the bizarre terms were that Biros could set the terms if the terms were not agreed. *Biros v. U Lock*, 255 A3d 489, 492 (Pa. Super. 2021).  Biros interpreted that she could set the terms at her will.  Biros believed that by early 2017 the loan grew to $385,939 and she should get 9% interest and that a balloon payment be paid no later than June 1,

2022.  *Id* at 492.   Obviously, that led to litigation.   Biros asserted in the litigation that the deeds to U Lock were *void ab initio* because U Lock's corporation papers weren't signed on the date of the sale because of a snafu at that Secretary of State. *Id, at* 492 and 494.

But during the litigation, to cure this problem, a simple solution of filing new deeds occurred.  "On February 13, 2018, while [the] action was pending, the Estates issued new deeds to Appellant (the "2018 Deeds"). Appellant filed the 2018 Deeds with the recorder of deeds on March 1, 2018."  *Id* at 492.

The Pennsylvania courts found the new deeds to be valid, but transferred the property to Biros under a constructive trust theory – not because U Lock committed fraud, but because the state courts found it to be insolvent, did not file taxes, and maintained no insurance on the property.  Thus, the court surmised U Lock probably could not pay Biros for her loan.  *Id* at 496 and at note 7.  The Pennsylvania Supreme Court denied review.

While the appellate record was with the Supreme Court of Pennsylvania, and while the record was still there divesting the lower state courts of jurisdiction, Biros obtained a secret deed and filed it in January 2022.  *See In re: U Lock,* 652 B.R. 456, 461 (Bk. W.Pa. 2023)("In January 2022, the Supreme Court of Pennsylvania denied U Lock leave to further appeal. It did, however, enter an order two months later staying the remand of the case to allow U Lock to petition the

Supreme Court of the United States for review. Just days after leave to appeal was denied but before the stay, the 2019 deeds from the sellers were released to Ms. Biros and recorded in her name"). This transfer occurred *ex parte* without any notice to U Lock.

When U Lock sought the stay, Biros asked the Pennsylvania Supreme Court to direct it to pay the property taxes as a condition. Biros did not tell the Pennsylvania Supreme Court that she took the title to the property and that she owed the property taxes since her deed accepted all existing liens. Rather, pretending the status quo existed, Biros told the Pennsylvania Supreme Court that, "These are real estate taxes which are owed by [U Lock] to local taxing authorities, not to Respondent." a306 (argument submitted to Pa. Supreme Court). This, of course, was not true as Biros already transferred the property to herself through *ex parte* contacts making her responsible for the taxes. a122 (tax bill to Biros, not U Lock), a312 (same).

The deed Biros accepted recognized that she owed on all liens and  taxes on the property. a550 (deed "ALSO SUBJECT TO:  1. Any remaining unpaid property taxes").

### I(b).  The Bankruptcy Litigation as to the Property Claims

This appeal involves four intermixed creditor claims filed by Biros, but is specifically an appeal from an Order settling an administrative claim for rent

during the post-bankruptcy period of the Estate. However, there were Biros tax claims filed and the pre-bankruptcy "rent" of the same property that discussed because of the interplay.

On June 3, 2022, the bankruptcy court gave Biros control over most of the property so she could perform remediation. a112-115. Biros simply could not interfere with U Lock's business, which occupied only a small portion of the land. a114, par. 10.

On August 24, 2022, Biros filed Claim 2 that purported to be a claim that she was owed $20,642.53 for the property taxes. a117-120. Biros argued that because the Pennsylvania Supreme Court directed U Lock to maintain the property taxes as security for the stay of remand of the record under Pennsylvania Rule of Appellate Procedure 2572(d), that *she* was owed the tax money as an unsecured claim. Biros made this claim notwithstanding that the tax bills showed *she* owed the money, not U Lock, a122, that the Pennsylvania Supreme Court did not know that Biros took the deeds at the time it made its Order, and despite the deeds clearly stating that she was responsible for the taxes. a550 (deed "ALSO SUBJECT TO: 1. Any remaining unpaid property taxes").

Also on August 25, 2022, Biros filed Claim 3 for $405,000 for prepetition rent for the property during the years from 2015 to 2021. a125-128. In that claim, Biros stated that the "use of the property is likely upwards of $10,000 per month.

However, Biros purported to use an estimated monthly "rent" of $5,000 "in order to calculate the amount of her related claim for the Debtor's possession of the Property for six years and nine months prepetition, totalling $405,000." a128.

Finally, also on August 26, 2022, Biros filed Claim 4 for environmental damage. a129-133. Biros asserted that the property had PCBs that somehow were the responsibility of the debtor.

On December 22, 2022, Biros filed a motion to allow an administrative expense for post-petition rent. She increased her perception of the fair amount of rent to $18,000 per month and asked for $144,000. a137-142. Biros claimed she used U Lock's estimation that the property was worth a bit under $2 million and then she asked for rent based on a Return on Investment using that number.

The Chapter 7 Trustee objected to this. a144. The Trustee noted that Biros previously valued the rent at $5,000 per month in a letter to him. a145, par. 21, *citing* a147. The Trustee also noted that the bankruptcy court, when doing an auction for the assets of U Lock, credited Biros $1,500 per month for the administrative rent claim towards her bid. a145, par. 22.

Creditor Shanni Snyder objected as well. Shanni Snyder's counsel objected to the rent since during the entire time, Biros interfered with quiet enjoyment, took the assets of the estate and hid them, that Biros had control over most of the

property, and that the bankruptcy court determined $1,500 per month was a fair number for the rent, not $18,000.  a150-155.

Appellant objected as well.  a156-166. Appellant showed that Biros blocked U Lock's access to the property by placing a large boulder over the doors so it could not gain access, a156, and that tenants could not gain access to their property.  Appellant demonstrated that Biros' attorney William Otto called the police on tenants and bothered and harassed them, preventing access.  a168-180. Appellant averred that the $2 million valuation on the property was just his guestimate and that no appraisal was ever done.   a158.  Appellant provided clear photography and maps showing Biros possessed 90% of the property, which was 20 acres, and U Lock just had access to the storage sheds, a couple acres. a158-162.  Appellant demonstrated that Biros put stones up and blocked all access to the rest of the property.  *Id.*  Appellant's evidence was that Biros filled all areas with boulders.  a160-162.  Appellant submitted uncontroverted maps showing that U Lock possessed just a little piece of the property.  a162.  Appellant advised that as of October 2022, U Lock was completely removed by the Trustee, who gave Biros 100 percent control and ordered Appellant off the property.  a163.

The bankruptcy judge was not too pleased.  He issued an opinion called, "*Pigs get fat, hogs get slaughtered*."  a195-203; *In re: U Lock*, 2023 WL 308210, 72 Bankt.Ct. Dec.56 (Bank. W.D.Pa. Jan. 17, 2023).   In the opinion, the judge

explained that the Estate's possession was not exclusive and Biros had effective control over the property. Biros barred tenants from removing their effects, and she removed the debtor's property, which the Court noted was a separate Show Cause. The Court noted that Biros sought $144,000 for this rent even though the Court told her before that it was only worth about $1,500 a month. The judge denied the motion without prejudice so that a fair motion could be submitted.

Separately the judge issued an Order to Show Cause and cancelled the motions hearing and instead directed that a hearing be scheduled for January 27, 2024, and that Biros and her counsel show cause as to why they should not be sanctioned. a205-206.

Biros and her counsel filed a response to the Show Cause. a207-218. Therein, Biros claimed that there existed no exceptional or egregious circumstances to warrant sanctions. In it, Biros suggested that "the amount Biros proposed would be adjusted by, among other factors, the extent of 'benefit to the estate' (such as what percentage of the commercial real estate the Trustee actually used). a214.

On January 30, 2023, the bankruptcy court found that counsel failed to defend the motion, but instead argued that the amount Biros asserted was reasonable and in good faith. a220-221. The bankruptcy court stated Biros and her counsel could seek reconsideration of the show cause. The bankruptcy court

continued the matter generally and stated, "Understandably, Ms. Biros and Attorney Bernstein need time to consider the court's comments and decide how they wish to proceed. They still have the opportunity to seek reconsideration of the Memorandum Opinion (which the Court will extend), and the Order to Show Cause should be consolidated with any such proceedings. Also, Ms. Biros may still move for an administrative expense claim, so it may be logical to hear evidence on that issue in conjunction with their defense of the Motion's $144,000 request, assuming one is asserted. At the very least, the Court will afford them one last chance to appear in opposition to the Order to Show Cause before it is taken under advisement." *Id*.

In the interim, on February 28, 2023, Shanni Snyder, as assignee of the Chapter 7 Trustee, filed an avoidance action against Biros as to the property. *Snyder v. Biros,* No. 24-ap-2020 (Bk. W. Pa.). a222-232. In that lawsuit, Snyder as Assignee for Trustee argued that the conveyance of the land through a constructive trust constituted, *inter alia*, an avoidable preference. *Id.*

Biros Amended her property tax claim (Claim 2) on March 1, 2023. In this Amendment, Biros changed the claim to a priority claim because it was "taxes or penalties owed to governmental units." 11 USC 507(a)(8). In addition, Biros increased the amount of the claim by $6,201 to reflect another year of taxes. a272-275. Biros stated that "subsequent to the Petition Date, another $6,201.87

has accrued for which the Debtor remains responsible." a275. *But see* a550 (deed to Biros "ALSO SUBJECT TO: 1. Any remaining unpaid property taxes").

Also on March 1, 2023, notwithstanding the "Pigs Get Fat" opinion, Biros amended Claim 3 to inflate it to $567,000. Biros accomplished this by simply changing the $5,000 a month figure to $7,000 without any explanation. a276-280. Biros added a theory of unjust enrichment to her claim, but did not explain why the amount ballooned. Ironically, Biros' theory of unjust enrichment was what gave her the property in the first instance as explained in *Biros v. U Lock*, 255 A3d 489, 492 (Pa. Super. 2021), yet she asked for no rent in that case.

Concurrently with amending her claims, Biros filed an Amended Motion for Allowance of Administrative Expense. a233-255. In it, Biros reduced her claim to $63,000 and stated that the "reasonable rent for the estate's use of the Property during this case is at least $7,000 per month." a254.

On the same day, Biros filed a "Consent" Motion to Approve Settlement between her and the Trustee. a256-268. Under the settlement, Biros agreed to reduce the administrative claim to $18,000, or $2,000 per month for the rent through December 2022. a260, par. 25(a). In addition, the Trustee agreed to allow Biros' tax claim (#2) in the amount of $27,701.59 as a priority claim. *Id* at (b). The Trustee agreed to allow Biros a prepetition rent claim in the amount of $162,000 for the Property and environmental remediation costs of $200,000.

Not mentioned in Biros' motion is a dangling carrot  or veiled threat she to the Trustee which was, "Ms. Biros is also not interested in a fight with you over whether the Trustee fees and reasonable attorneys' fees will be paid first or will be prorated with her administrative claim.  She understands that your fees enjoy a high priority, and she is not interested in interference with that.  So, under this overall settlement proposal, her expected administrative claim is low enough as to not interfere with your getting paid on any allowed claim."  a270.  While the Trustee signed the agreement letter, a271, he did not sign or join in the "consent" motion.

Creditor Shanni Snyder filed an objection to the consent motion. a281-283. She argued, "For example, the rent claims seem not only excessive in relation to fair market value, but Biros seeks rent for several years prior to her obtaining the transfer of the real property. It is difficult to see how Biros is entitled to rent payments regarding real property owned by someone else. Further, Biros apparently obtained a transfer of the real property in lieu of a money judgment to avoid an unjust enrichment. For Biros to recover the property to compensate her for monies expended and then to receive rent in addition would result in double compensation to Biros which would, in itself, constitute an unjust enrichment to Biros. Likewise, the environmental claim is not based upon monies paid to remediate the real property but rather is based upon a unilateral estimate provided

by Biros which has not been subject to challenge or scrutiny. Further still, the estimate provided by Biros sets forth a range of possible damage costs with the low end of the range being $125,000.00. Yet Biros claims $200,000.00. Oddly, the alleged damages occurred during the gap period herein and were related to actions caused by Big's Sanitation Inc. which is believed to be a fully insured entity. Yet no claim has been filed against said entity in order to access the insurance to fund any required cleanup. As such, it is believed that there are ample grounds for parties-in-interest to object to the claims listed in the Settlement Agreement." a282-283, paragraph 7.

Appellant filed an objection to the motion for administrative rent expense claim. A284-292. Appellant included a declaration under the penalty for perjury. a292. Appellant noted the report Biros cited as to the value was not attached and was not provided. a284. Appellant explained that the environmental issues, which came with the property, would reduce the amount of the rent as they reduced the value of the possession. a285. Appellant demonstrated that Biros placing rocks in front of the door, calling police on tenants, and prohibiting access extended the time the estate needed for possession and thus increased the time that rent would be owed. a285-286. Appellant showed by undisputed map and photographic evidence that Biros controlled 90 percent of U Lock. a286-290. Appellant

informed the bankruptcy court that the Trustee ceded complete control to Biros in October 2022, and rent should end as of that date. a291-292.

Appellant likewise filed an objection to the motion to approve the settlement. a293-344. As to the $63,000 valuation for rent during the possession by the Estate, Appellant argued $1500, which is what the bankruptcy court previously stated was fair, was logical. a294. Appellant based this on Biros' blocking the U Lock customers and having control over most of the property.

As to the tax claim, Appellant explained, "I cannot understand how Ms. Biros can seek rent for 2022 in addition to seek to make U Lock pay the property taxes. The letter the Trustee signed says, 'Since the Petition Date, another $6,201.87 has accrued.' So why does U Lock pay both rent and property taxes?" a294. Appellant explained the Order of the Supreme Court was based on the understanding that U Lock still owned the property: "Biros filed a request on Feb 15 2022 never telling the PA Supreme Court she obtained the deeds and filed them and she requested the stay be conditioned upon U Lock paying the property taxes on the property." a295. Appellant attached as Exhibit B Biros' representations to the Pennsylvania Supreme Court where she said "Real estate taxes have accrued on the Property, and taxes for the years 2019, 2020 and 2021 remain unpaid. Real estate taxes in the amount of Nineteen Thousand Seven Hundred Seventy-Three and 41/100 Dollars ($19,773.41) are currently owed on the Property." a306.

Implying U Lock still owed the property, Biros wrote, 'These are real estate taxes which are owed by [U Lock] to local taxing authorities, not to [Biros]" *Id.* Biros further said, 'The real estate taxes are a legitimate debt of [U Lock] to third parties; in this case, local taxing authorities. Failure of the Petitioner to make payment☐of these taxes could expose the Property to tax sale, potentially harming either or both of Petitioner or Respondent." a307.

Appellant explained that U Lock did not object to Biros' request to the Pennsylvania Supreme Court because it was not revealed at that time that she surreptitiously obtained an *ex parte* Order and transferred the deeds without notice. a295. Because Biros never disclosed she obtained and filed the deed, neither U Lock nor Appellant could advise that court that Biros' deeds made her responsible for property taxes. *See* a550 (deed to Biros "ALSO SUBJECT TO: 1. Any remaining unpaid property taxes").

Appellant further objected, "On March 16, 2022, as collateral for the stay, the Supreme Court noted, 'Additionally, in accordance with Pa.R.A.P. 2572(d), Petitioner is hereby instructed to pay all accrued and unpaid real estate taxes and to keep such taxes current during the pendency of its occupancy of the Property.'" a296, *citing* a313. Appellant requested that the bankruptcy court apply judicial estoppel to Biros' shifting positions that the amount was not due her as she told the Supreme Court, but then filed claims in the bankruptcy court that it was due her.

At a hearing on April 13, 2023, the bankruptcy court raised double dipping concerns and that the ownership of the property did not appear to be retroactive, "$7,000 a month for 81 months. In my review, I'm not convinced that the State Court has retroactively granted her relief for that period and it would seem to be a double recovery, and so I'm not inclined to allow or accept that portion of the settlement. If that blows things up, then be that as it may, but I'm inclined to otherwise rule in that direction."  a374.

With the bankruptcy court's understanding that the deeds to Biros retroactively would constitute a double recovery, the bankruptcy court surmised that, "I mean, there's an acknowledgment that real estate taxes are due and owing. If it's due and owing from U LOCK, and I don't think particularly that there's an issue with that, then that would be paid from the U LOCK estate."  a373.

To address the bankruptcy court's concerns above retroactivity, Biros then agreed that she would be willing to accept the date on her deed (2019) and reduce claim 3 for prepetition rent to $90,000.   a381.

As to the property taxes, even though the Westmoreland Tax Claims Bureau filed no claim in the bankruptcy court, the Court empowered the Trustee to pay the property taxes to the county:  "Well, let me make this clear though. I'm saying the distributions would be withheld, with the exception that if the Trustee wishes to proceed with paying the tax claim to the Tax Claim Bureau he is free to do that

because that's something that would be independent of the settlement here." a383. The bankruptcy court made no distinction between the taxes that accrued when U Lock owned the property and the taxes that were incurred after Biros received the deeds and partially possessed the property.

After stating those preliminary thoughts about retroactivity of the deeds, the bankruptcy court realized a ruling was premature considering Shanni Snyder's avoidance action: "Well, if that's the case, then what I'm doing is, I'm just deferring any determination on the settlement motion until after the avoidance action is concluded because –" a385.

Then the judge turned to the sanctions for Biros' overstated administrative claim at $18,000 a month. The bankruptcy court stated Biros "offered no defense to the assertion of the $144,000 administrative expense" and that "no motion for reconsideration was filed, nor was there any further response," but found that Biros did reduce her claim. a392. Counsel for Biros stated that she just followed their advice and was not responsible for the content of the motion. a393. The bankruptcy court stated, "All right, well, I'm not finding anything that dissuades me from the original finding that there was a Rule 9011 issue with respect to the original motion and that the $144,000 was unreasonable. Certainly, appreciate the efforts to try to resolve this through the amended motion. I thought that was certainly well crafted and well thought out and it doesn't go unnoticed from the

Court, the time and effort that went into that. But, it still leaves me with the factor that the original claim of $144,000 was settled for 12.5 percent of that, which seems to indicate again to me that the original amount was patently unreasonable. In terms of where we go from here, I am considerate of the fact that Mr. Bernstein has indicated that Ms. Biros followed the advice of counsel and, as a result, with taking that advice, she is not blameworthy at this point with respect to sanctions. And, with respect to counsel, I do find that this is a first offense and that the prior memorandum opinion is a sufficient admonishment with respect to where we are with respect to this matter, so I will conclude it there with that." a394.

On April 19, 2023, Shanni Snyder as the Trustee's Assignee filed an Amended Complaint to avoid the preferential transfer of the property to Biros through a constructive trust. a397-418.

In the interim, Biros sued Appellant for RICO violations based on his participation in this bankruptcy case and as an officer for U Lock in defending their state equitable foreclosure lawsuit. On April 26, 2023, Appellant filed a proof of claim for indemnification as any actions alleged by Biros were in his capacity as director of the company. This was Claim 7. a419-422. No party objected to this claim.

On May 4, 2023, the Internal Revenue Service filed an amended priority claim for taxes in the amount of $65,421.08. a422-495.

On July 9, 2023, Appellant filed a claim for administrative expenses for insurance he paid for in the amount of $1,045.94.  This was assigned Claim 9. a426-428.

On July 21, 2023, in the progenic case *In re U Lock Inc. (Shanni Snyder v. Christine Biros)*, 23-ap-2020, 652 B.R. 456 (Bankr. W.D. Pa. 2023) the bankruptcy court held that the property, even though bought with an unsecured loan from Biros, was owned retroactively by her since 2015 because the state courts created a constructive trust as a creditor remedy due to U Lock's insolvency.  a429-447.

With this holding, it is unclear how U Lock would have owed any property taxes to Biros.  After all, Biros would owe the taxes and would also need to reimburse U Lock for the amounts it paid prior to the determination.  In addition, Biros' own deeds make her responsible for the taxes.  a550 (deed to Biros "ALSO SUBJECT TO:  1. Any remaining unpaid property taxes").

On August 2, 2023, an Order was issued allowing an administrative expense to Appellant and directing that he be paid $1,045.95 on Appellant's Claim 9.  a448.

On November 29, 2023, Biros filed a motion to "reset" the hearing on the settlement as to her administrative claim.  In that motion, Biros withdrew all of her unsecured claims (#2, 3, and 4) and only pursued the administrative claim settlement of $18,000.  a449-454.

In the motion, Biros advised that the Trustee paid the property taxes on Biros' property to the Westmoreland Tax Bureau. a450, par. 9 ("These taxes have since been paid by the Trustee").

Creditor Shanni Snyder responded to the motion and stated that if Biros was only seeking to reset the hearing, she had no objection. a455-457. Shanni Snyder noted that the adversary action remained on appeal and explained, "If the decision of this Honorable Court is affirmed, then the amount paid by the Trustee in property taxes would offset Biros' claim for administrative rents – especially the amounts of property taxes paid during the time the deed was in Biros' name and she had possession or majority possession." a457-458, par. 7(d).

Appellant filed a response as well. a459-462. Appellant advised he agreed with Shanni Snyder's argument. a459. In addition, Appellant objected that the tax claim was not a priority claim, but that the deed shows that Biros accepted all liens on the property and that the Estate never owed any taxes considering that. Also that the "Trustee had no reason to pay the last year's taxes. Biros owned the property for that entire year and possessed it." a460.

The Court held a hearing on January 4, 2024. a462-480. Even though it was just a motion to reset the hearing, the court decided to go to the merits. a469.

At the hearing, the bankruptcy court asked the Trustee about the payments of the taxes and "what the amounts of those payments were and what periods those

covered." a464. The Trustee advised that, "The Tax Claim Bureau was paid I believe it was May of 2023. The amount was $28,028.75." a464. The bankruptcy court again asked him to "confirm for me the period that that applied to." *Id.* The Trustee stated, "That was the periods from 2019 to 2022." *Id.*

The bankruptcy court asked the Trustee for the basis of paying the real estate taxes, and the Trustee stated that the Court advised him he could pay it. a465. The Trustee claimed he first contacted the attorney for Shanni Snyder and advised him, *id,* but there was no indication he contacted Appellant who was also objecting.

Creditor Shanni Snyder's counsel argued, "If Biros is the property owner, why would U LOCK pay real estate taxes in regard to property owned by Biros? If Biros became an owner later in the process but not from the inception, as this Court has ruled, then she owned the property but she's getting rent for periods where she didn't -- the rent may not -- if the property was granted to repay her loan, then the rent she seeks would result in a windfall. * * * Certainly Mr. Slone did and should have paid any real estate taxes *owed by the Estate*. But it's unclear, and again, because who is the owner of the property? When did each party become owner of the property or not become owner of the property? You know, what taxes were paid? U LOCK should not be paying real estate taxes for property owed, owned, pardon me, by Ms. Biros, or if they should, I don't really understand why." a472-473.

At the hearing, Appellant objected and advised that his position was the same as Shanni Snyder. a475. Appellant explained that he felt the administrative "rent should be reduced by the property taxes." *Id*. Appellant advised that, post-bankruptcy, U Lock "used a very small percentage of the property" and referred to the map previously submitted. *Id*. Appellant stated that he personally was kicked off the property and "U Lock wasn't even allowed on the property for so many months…" *id*.

The bankruptcy court stated, "I do think that Christine Biros and the Trustee have shown that the Martin standards are satisfied with respect to the Administrative Rent Claim. I do appreciate the compromise that was made there and the compromise indeed is within the Court's expectation of what a reasonable rent would be for the property and for the use that the Debtor had or the Estate had of that property during the time that it occupied the premises. So, I am prepared to approve the Settlement as it pertains to the Administrative Rent Claim." a476.

But as to the prepetition rent claim, the bankruptcy court stated, "But with respect to the prepetition Rent Claim I think there is some questions and concerns that the Court would have in terms of the entitlement there in light of the fact that this was a Constructive Trust and the property was awarded to Ms. Biros because U LOCK was unable to pay the Loan. And so, from that standpoint Ms. Biros was

a Lender and instead of getting repayment was given the Deed to the property. I'm not entirely convinced at this point that that would entitle her to prepetition rent on top of that. So, that's a hill that will need to be overcome, in my view, if we ever get to the merits of that Claim." a477. As to the environmental damages claim, the bankruptcy court questioned how it was the responsibility of U Lock, "The question I would have at this point is, what proof is there that U LOCK caused those environmental issues or is ultimately liable for any environmental remediation that would be necessary? So, that's something else that would need to be addressed if the day and time comes that we would go into the merits of that Claim in full." a477-478.

At the hearing, however, the bankruptcy court never explained how the administrative rent claim was justified considering the tax payment. Certainly, if the court's position is that pre-petition rent was inappropriate and then U Lock should pay the taxes for that period of time, it certainly never explained why U Lock would pay the 2022 taxes that was the post-petition time where Biros had the property deeded to her since January and possessed and controlled most of the property.

On January 5, 2024, the district court affirmed the bankruptcy court's finding that Biros' ownership rights to the property went back to 2015 because of

the constructive trust and Pennsylvania law. A481-490; *Snyder v. U Lock Inc.*, No. 23CV1410, 2024 WL 69628 (W.D. Pa. Jan. 5, 2024).

On January 8, 2024, the bankruptcy judge issued a written Order. a010-013. In it, the judge stated, "Whether the Snyder's like it or not, Ms. Biros is the owner of the Property." a011. However, considering that, and the affirmation of his decision finding Biros owned the property since 2015, nowhere in the Order did the bankruptcy court explain why U Lock would pay property taxes pre-petition and post-petition.

While the bankruptcy court cited the test found in *Myers v. Martin*, 91 F3d 389, 393 (3rd Cir. 1996), the judge did not address each element and merely stated, "To be clear, this requires only a canvassing of the issues rather than a full-fledged determination on the merits." a012.

On January 22, 2024, Biros filed a motion to formally withdrew her unsecured claims #2 #3 and #4 without prejudice. a493-499.

Also on January 22, 2024, Appellant filed his notice of appeal from the settlement. a002. Appellant filed a revised notice of appeal at the request of the clerk on January 30, 2024. a004.

Nobody objected to Biros withdrawing her claims without prejudice. a382. On February 9, 2024, the Court withdrew Claims #2, #3, and #4 without prejudice. a501.

On June 24, 2024, the bankruptcy court found in a written Order that Biros'
original motion to allow the administrative expense motion was "plainly frivolous"
and grossly exaggerated, but held that it was authored by her attorneys and she
should not be held responsible for it. The bankruptcy court noted that, "critically,
no effort was made to defend the specific $144,000 request, leading the Court to
conclude their refusal is a concession that it is indefensible. Indeed, the only
explanation offered – that it was merely a starting point with room for negotiation
– points to an improper litigation tactic." a503. The Court stated that it was
confident "the lesson has been learned and will not be repeated," a503, so it
released the show cause without additional sanctions. a504.

On the same day, the bankruptcy court issued a published opinion holding
that Biros was the cause of a prior incident where "most of the scheduled tangible
assets of the debtor U Lock Inc. disappeared from its business premises," a594.; *In
re U Lock, Inc.*, 663 B.R. 30 (Bankr. W.D. Pa. 2024). The bankruptcy court found
that Biros wilfully violated the automatic stay by moving U Lock's assets, a529,
and that "moving scheduled assets to an undisclosed location and restricting access
are obviously prohibited acts to obtain possession and exercise control over
property of the estate. As was concealing it. There is also no doubt that Ms. Biros'
conduct was willful because she intentionally removed the scheduled assets from
the Property with knowledge of the automatic stay." a531. The bankruptcy court

found Biros "in a stunning display of overreach, usurped the authority of the Trustee and unilaterally exercised control over the property of the estate." a533. The bankruptcy court, "by clear and convincing evidence," found that Biros' "conduct not only willfully violated the stay but did so in 'arrogant defiance' of the Code.". a536.

Based on Biros' misconduct, the bankruptcy court issued an Order reducing the administrative claim for rent from $18,000 to $16,000 and directed that Biros pay $2,800 to compensate the Trustee, $1,000 to compensate the United States Marshals Service, $500 to the clerk of court as a sanction, and $15,000 in punitive damages to the Trustee. a540-541.

Biros did not appeal the sanctions and paid the fines and damages.

On January 9, 2025, this Court affirmed the bankruptcy court's decision that Biros' acquisition of the property was retroactive to 2015. *Snyder v. Biros*, No. 24-1202, 74 Bankr.Ct.Dec. 61 ,2025 WL 52848 (3rd Cir. Jan. 9, 2025). a542-548.

## SUMMARY OF THE ARGUMENT

The bankruptcy court erred or abused its discretion by approving a settlement between the Trustee and Biros as to an administrative claim for post-petition rent. While the bankruptcy court restated the four requirements of *Myers v. Martin,* 91 F.3d 389, 393 (3d Cir.1996), it never actually analyzed the *Martin* factors. Rather, it glossed over the elements, did not tie any facts to them,

and stated, "To be clear, this requires only a canvassing of the issues rather than a full-fledged determination on the merits." However, the bankruptcy court did not even canvas the issues.

Primarily, the bankruptcy court ignored the fact that paying Biros rent conflicted with the fact that the Trustee paid the property taxes on the same property, creating a windfall for Biros. For 2022, at a time when Biros owned the property in her name and the tax bills were addressed to her, for some reason the Trustee paid nearly $7,000 for Biros' taxes. For the period before the deed was transferred to Biros – when there was admittedly some confusion about the retroactivity of the deeds – the Trustee paid over $20,000. In all, the Trustee paid in excess of $28,000 in property taxes for Biros' property even though the deed specifically made Biros liable, a550 (deed stating it was "ALSO SUBJECT TO: 1. Any remaining unpaid property taxes"), and notwithstanding the tax bills being addressed to Biros and in her name. a122, a312.

The bankruptcy court neither performed an offset analysis nor explained why an offset was not appropriate even though it was specifically requested by the Appellant. Courts routinely offset administrative claims with liability to the Estate. The pre-petition property taxes paid were by mistake because the bankruptcy court originally stated that the deeds were not retroactive, but then the court reversed its position and found they were retroactive to 2015. The post-petition taxes have no

known reason why they were paid by the Trustee and nobody ever provided an explanation.

The reversal of position by the bankruptcy court as to the retroactivity of Biros' deeds constitutes a change in circumstances that occurred after the settlement and first hearing, but before the final Order approving it. The district court affirmed the retroactivity determination before the bankruptcy court's written Order, and as this appeal was pending, this Court affirmed that finding. *See Snyder v. Biros*, 2024 WL 69628 (W.D. Pa. Jan. 5, 2024).  The bankruptcy court should have assessed the tax situation in light of the change in the retroactivity of Biros' deeds.   *In re RFE Indus., Inc.,* 283 F.3d 159, 165 (3d Cir. 2002)(court must consider settlement under [1]the present circumstances).

Regardless of the retroactivity of the pre-petition tax payments, it defies logic that the post-petition taxes for 2022 were paid when:  (a) U Lock only possessed a small portion of the property; (b) The property was deeded to Biros; and (c) the property tax bills were in Biros' name.   Therefore, these 2022 taxes should have offset any "rent" payment from the same period.

Other factors ignored by the bankruptcy court included the adjudicated gamesmanship and misconduct of Biros in exaggerating the amounts due, [2] the

[1] *In re U Lock, Inc.,* 663 B.R. 30 (Bankr. W.D. Pa. 2024)

[2] *In re: U Lock*, 2023 WL 308210, 72 Bankt.Ct. Dec.56 (Bank. W.D.Pa. Jan. 17, 2023).

prolonged need to occupy the property due to her hiding the assets and blocking the entrances by placing boulders in front of the door and calling the police when customers tried to retrieve their property, and the fact that U Lock only possessed about 10% of the property while Biros controlled 90%, and that the Trustee gave Biros 100% control in October 2022.

Therefore, this Court should "remand for an examination of the 'fairness, reasonableness and adequacy' of the Settlement in light of the factors listed in *Martin." In re RFE Indus., Inc.,* 283 F.3d 159, 165 (3d Cir. 2002)., citing *In re Glickman, Berkovitz, Levinson & Weiner, P.C.,* 204 B.R. 450, 455 (E.D.Pa.1997).

## ARGUMENT

**I.  The Bankruptcy Court erred and/or abused its discretion by allowing a settlement for administrative expense for rent without offsetting, or at least considering offsetting, the amounts the Trustee paid for property taxes on the same property.**

**(a).  Standard of Review**

This Court exercises plenary review of a district court's affirmance of the decision of a bankruptcy matter. *In re RFE Indus., Inc.,* 283 F.3d 159, 163 (3d Cir. 2002). When approving a settlement, a bankruptcy court should examine the following factors: (1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount

interest of the creditors.  *In re Martin,* 91 F.3d 389, 393 (3d Cir.1996).  However, the bankruptcy court must examine the situation in light of changes that may have occurred from the time the settlement was made.  *In re:  RFE Indust.*, 289 F3d at 165 ("the bankruptcy court should examine the Martin factors in light of the present circumstances").

### (b).  Discussion

In this case, the bankruptcy cited the *Myers v. Martin*, 91 F3d 389, 393 (3rd Cir. 1996) standards that he needed to analyze, but he did not state how they applied and did not justify his decision using those factors.  Rather, he said, "To be clear, this requires only a canvassing of the issues rather than a full-fledged determination on the merits."  a012.  This appears problematic because neither the bankruptcy court's oral discussion nor his written Order discussed the appropriateness of Biros receiving an administrative rent settlement without deducting the amount paid by the Trustee for the property taxes on the property. Neither the bankruptcy court nor the Trustee ever explained how U Lock would be responsible for property taxes for 2022, a time when Biros' deed was already filed, the taxes were in Biros' name, U Lock only had minimal access to the property, the Trustee ceded 100% possession to Biros in October 2022, and Biros continually infringed on the rights of U Lock's tenants to access the property including placing rocks in front of the access door, and calling police on tenants.

While the bankruptcy court obviously wanted to bring an end to the matter, Biros' constant flip-flopping on the amounts and filing multiple, conflicting claims identifying the fair value ($5,000 to $18,000 to $7,000 while the court was suggesting $1,500) appeared aimed at ending the matter through attrition.

The bankruptcy court needed to consider Biros' motives when deciding whether to grant any form of administrative payment at all. Self-interest is also an aspect to be considered under 11 USC§ 503(b)(1)(A) when the facts present a situation which contemplates such an analysis. *See Wolf Creek Colliers Co. v. GEX Kentucky, Inc*. 127 B.R. 374, 379-80 (Bankr. N.D. OH 1991); *In re Jartran, Inc*., 886 F.2d 859, 871 (7th Cir. 1989), *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988); *In re Woodstock Associates I, Inc.,* 120 Bankr. 436, 451 (Bkrtcy. N.D. Ill. 1990); *In re Philadelphia Mortgage Trust,* 117 Bankr. 820, 828 (Bkrtcy. E.D. Pa. 1990).

Despite Biros' improper conduct which was of no benefit to the estate, even assuming *arguendo* Biros could establish the estate actually benefited from the use of the Property, the court must quantify the administrative expense. *In re Jas Enters.*, 180 B.R. 210, 217 (Bankr. D. Neb. 1995); *In re Carmichael*, 109 B.R. 849, 851 (Bankr. N.D. Ill. 1990); *In re Jeans.com,* 491 B.R. 16, 2013 Bankr. LEXIS 1548 (Bankr. D.P.R. 2013). In this case, the bankruptcy court did not quantify the expense.

But most importantly, the bankruptcy court should have taken the objections about the property taxes seriously and fully analyzed the effect of the Trustee's payment. At the time the bankruptcy court stated that the Trustee could pay, it seemed to refer to the period prior to Biros filing her deed in January 2022. Furthermore, at the time the bankruptcy court gave that permission, it opined that Biros' deed did not provide retroactive ownership going back to 2015. a374. However, after that oral permission was loosely provided, the bankruptcy court reversed course and held that Biros owned the property retroactively to 2015. a429-447; *In re U Lock Inc. (Shanni Snyder v. Christine Biros)*, 23-ap-2020, 652 B.R. 456 (Bankr. W.D. Pa. 2023). Just two days before the bankruptcy court issued its written Order, the district court affirmed the bankruptcy court's finding that Biros retroactively owned the property. a481-490; *Snyder v. U Lock Inc.*, 2024 WL 69628 (W.D. Pa. Jan. 5, 2024),

Because of the legal position by the bankruptcy court as to the retroactivity of the deeds, which changed from the time the settlement occurred and from the date the court gave permission to the Trustee to pay the taxes, the bankruptcy court needed to analyze the current situation. *In re RFE Indus., Inc.,* 283 F.3d 159, 165 (3d Cir. 2002)("the bankruptcy court should examine the Martin factors in light of the *present circumstances*").

Certainly, without any analysis in the bankruptcy court's opinion as to the effect of these payments – especially the payment for 2022 which overlapped the administrative rent claim – it cannot be said that the bankruptcy court fully considered the *Martin* factors along with the current information it had.

There existed no equitable reason to provide Biros a windfall by paying her property taxes and then awarding her post-petition rent. The language of the deed she accepted explains that it is subject to liens and unpaid property taxes. a550 ("ALSO SUBJECT TO: 1. Any remaining unpaid property taxes"). The bankruptcy court was well aware of this language and thoroughly reviewed the deeds as demonstrated in its opinion finding that Biros' deeds were retroactive to 2015.

Even if this Court finds that the pre-petition taxes should not offset the post-petition rent claim, there exists no plausible reason for the 2022 post-petition taxes not to have been taken into account. Many courts, including the Fifth and Tenth Circuits, have held that mutual *postpetition* obligations may be offset. *See Zion First Nat'l Bank, NA. v. Christiansen Bros., Inc. (In re Davidson Lumber Sales, Inc.)*, 66 F.3d 1560 (10th Cir. 1995); *Palm Beach Cty. Bd. of Pub. Instruction v. Alfar Dairy, Inc. (In re Alfar Dairy, Inc.)*, 458 F.2d 1258 (5th Cir. 1972). *Accord Zerodec Mega Corp. v. Terstep of Tex., Inc. (In re Zerodec Mega Corp.)*, 59 B.R. 272 (E.D. Pa. 1986); *In re Pub Dennis of Cumberland, Inc.*, 142

B.R. 38 (Bankr. D.R.I. 1992); *Mohawk Indus. v. United States (In re Mohawk Indus., Inc.)*, 82 B.R. 174 (Bankr. D. Mass. 1987); *Elsinore Shore Assoc. v. First Fidelity Bank, NA (In re Elsinore Shore Assoc.)*, 67 B.R. 926 (Bankr. D.N.J. 1986). Even preference claims can be used to offset an administrative claim. *Official Comm. of Unsecured Creditors of Quantum Foods, LLC v. Tyson Foods, Inc. (In re Quantum Foods, LLC)*, 554 B.R. 729 (Bankr. D. Del. 2016)(allowed administrative expense claim may be set off against the creditor's potential liability for a preferential transfer).

Certainly, Biros should pay her own property taxes and return the money paid by mistake based on an erroneous assumption that the deeds were not retroactive. In fact, the U Lock Estate probably has a claim against her for the 2015 to 2019 taxes that it paid. At a minimum, the bankruptcy court erred by not even considering whether the payments, either pre-petition taxes, post-petition taxes, or both, should offset the administrative claim.

The abuse of discretion lies in the failure to consider the matter at all, not in fully considering it and deciding not to offset. The bankruptcy gave no reason explaining whether an offset was appropriate or not. Indeed, the bankruptcy court could have alternatively instructed the Trustee to take action against Biros to recover the taxes paid under the original incorrect retroactivity assumption.

As it presently stands, Biros has her administrative rent claim that will be paid and her property tax payment that the U Lock Estate erroneously paid. The post-petition taxes of $7,000 increase her administrative claim of $18,000 by 35% and considering the pre-petition and post-petition taxes paid, Biros received a windfall of $9,000 in excess of the entirety of her so-called "rent" claim and yet she will be paid the rent.

This overpayment in favor of Biros without offset, coupled with the bad behavior[3] and unnecessary litigation trying to figure out a fair amount, [4] along with Biros' blocking the entrance and impeding clients from closing out their storage units and even placing a rock in front of the door, all aggravate the situation.

Judges must carefully examine settlements before approving them. See *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968). According to *TMT Trailer*, settlements must be "fair and equitable." 390 U.S. at 424. Here, paying Biros twice while she put the Estate and parties through turmoil and litigation of her exaggerated amounts demonstrates that the settlement was neither fair nor equitable.

Therefore, this Court should "remand for an examination of the 'fairness, reasonableness and adequacy' of the Settlement in light of the factors listed in

---

[3] *See In re U Lock, Inc.,* 663 B.R. 30 (Bankr. W.D. Pa. 2024).

[4] *See In re: U Lock*, 2023 WL 308210, 72 Bankt.Ct. Dec.56 (Bank. W.D.Pa. Jan. 17, 2023).

*Martin.* In re RFE Indus., Inc., 283 F.3d 159, 165 (3d Cir. 2002)*., citing *In re

Glickman, Berkovitz, Levinson & Weiner, P.C.,* 204 B.R. 450, 455 (E.D.Pa.1997).


## CONCLUSION

The bankruptcy court erred by not considering the need to set off the

administrative claim by the taxes paid on Biros' property – especially taxes paid

for post-petition time when Biros had the deed to the property, the tax bill was in

her name, and she possessed and controlled most of the property.    Therefore, this

Court should "remand for an examination of the 'fairness, reasonableness and

adequacy' of the Settlement in light of the factors listed in *Martin.*" *In re RFE

Indus., Inc.,* 283 F.3d 159, 165 (3d Cir. 2002)*., citing *In re Glickman, Berkovitz,

Levinson & Weiner, P.C.,* 204 B.R. 450, 455 (E.D.Pa.1997).

Alternatively, this Court can simply rule that the administrative rent claim

should definitely be set off by the entire $28,000 the Trustee erroneously paid in

taxes on the assumption that the property was not retroactively given to Biros, or

just the $7,000 in taxes applicable to the 2022 post-petition period.

Respectfully submitted,
/s/ George Snyder

# COMBINED CERTIFICATIONS

## CERTIFICATE OF BAR MEMBERSHIP

The undersigned is not an attorney, so nobody will admit him as a member to the bar.  Appellant appears in this case pursuant to 28 USC 1654, in *pro per*.

*/s/ George Snyder.*

## IDENTICAL PDF AND HARD COPY CERTIFICATE

The undersigned hereby certifies that the PDF file and hard copies of this brief are/will be identical as I intend to download the electronic brief then send it to the printing people.

*/s/ George Snyder*

## VIRUS SCAN CERTIFICATE

This brief has been automatically scanned during preparation and upon sending by the following virus detection programs: AVG software program, and no viruses were detected.

*/s/ George Snyder*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,753 words excluding the parts of the brief excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R.App. P. 32(a)(6) because this

brief has been prepared in a proportionally spaced typeface using Google Docs in font

14, Times New Roman.

*/s/ George Snyder*

# INDEX TO APPENDIX

| Appx Page | Doc# | Date | Description |
|---|---|---|---|
| | **VOLUME I** | | |
| a001 | District 23 | 1/28/25 | Notice of Appeal to the Third Circuit |
| a002 | Bank. 532 | 1/22/24 | Notice of Appeal to the District Court |
| a004 | Bank. 542 | 1/31/24 | Revised Notice of Appeal to District Ct |
| a006 | District 21 | 12/31/24 | Judgment of District Court |
| a007 | District 20 | 12/31/24 | Memorandum and Opinion of District Ct |
| a010 | Bank. 523 | 01/08/24 | Order of Bankruptcy Court |
| | **VOLUME II** | | |
| a014 | District Court | 6/10/25 | Docket Sheet – District Court |
| a018 | Bankruptcy Ct | 6/10/25 | Docket Sheet – Bankruptcy Court |
| a109 | Bankruptcy Ct | 6/10/25 | Claims Register – Bankruptcy Court |
| a112 | Bank. 36 | 6/3/25 | Order Granting Biros Temporary Relief |
| a117 | Claim 2-1 | 8/24/2022 | Biros claim for property taxes |
| a125 | Claim 3-1 | 8/25/22 | Biros Claim for prepetition rent |
| a129 | Claim 4-1 | 8/26/22 | Biros Claim for Environmental Damage |
| a134 | Claim 5-1 | 8/26/22 | George Snyder Claim for compensation |
| a137 | 258 | 12/22/22 | Christine Biros Motion for Allowance of Administrative Expense |
| a144 | 277 | 1/6/23 | Trustee's Response to Biros Motion 258 |

| | | | |
|---|---|---|---|
| a150 | 285 | 1/9/23 | Shanni Snyder objection to Biros 258 |
| a156 | 291 | 1/9/23 | George Snyder objection to Biros 258 |
| a195 | 293 | 1/17/23 | "Pigs Get Fat" Opinion |
| a205 | 294 | 1/17/23 | Order to Show Cause |
| a207 | 304 | 1/25/23 | Biros Response to Show Cause |
| a220 | 314 | 1/30/23 | Order re Rule to Show Cause |
| a222 | Bank Adv. 23-2020 Entry 1 | 2/28/2023 | Adversary Complaint by Shanni Snyder assignee of Chapter 7 Trustee. |
| a233 | 344 | 3/1/23 | Biros Amended Motion for Administrative Expense |
| a256 | 345 | 3/1/23 | Consent Motion to Approve Settlement |
| a272 | Bk. Claim 2-2 | 3/1/23 | Biros Amended Claim 2 for tax |
| a276 | Bk. Claim 3-2 | 3/1/23 | Biros Amended Claim 3 for rent |
| a281 | 352 | 3/16/23 | Shanni Snyder Objection to 344/345 |
| a284 | 354 | 3/20/23 | George Snyder Objection to 344 |
| a293 | 355 | 3/17/23 | George Snyder Objection to 345 |
| a346 | 377 | 4/13/23 | Hearing Transcript April 13, 2025 |
| a397 | Bk. Adv. 23-2020 Entry 17 | 4/19/23 | Amended Adversary Complaint Shanni Snyder as assignee of Chapter 7 Trustee v. Christine Biros |
| a419 | Bk. Claim 7-1 | 4/26/23 | George Snyder Claim for Indemnification |
| a422 | Bk. Claim 6-2 | 5/4/23 | IRS Claim for $65,421.08 |
| a426 | Bk. Claim 9-1 | 7/9/23 | George Snyder Administrative Claim for Payment of Insurance |

| a429 | Bk. Adv. 23-2020 Entry 35 | 7/21/23 | Order dismissing adversary suit by Shanni Snyder as assignee of the Chapter 7 Trustee against Biros |
|------|------|------|------|
| a448 | 492 | 8/2/23 | Order Allowing George Snyder Claim 9 |
| a449 | 501 | 11/29/23 | Motion to Reset the Hearing |
| a455 | 506 | 12/23/23 | Shanni Snyder Response to 501 |
| a459 | 507 | 12/23/23 | George Snyder Response to 501 |
| a462 | 524 | 1/4/24 | Transcript of Hearing |
| a481 | Bk. Adv. 23-2020 District Court Order affirming | 1/5/24 | Order of District Court affirming the Order dismissing Shanni Snyder's adversary Complaint against Christine Biros. |
| a491 | 529 | 1/22/24 | Limited Response of Biros |
| a493 | 530 | 1/22/24 | Biros Motion to Withdraw Claims |
| a500 | 550 | 2/9/24 | Certification of Non Objection 530 |
| a501 | 552 | 2/9/24 | Order Granting 530 |
| a502 | 593 | 6/24/24 | Order sustaining Rule 9011 violations |
| a505 | 594 | 6/24/24 | Memorandum Sanctioning Biros |
| a540 | 595 | 6/24/24 | Order Sanctioning Biros |
| a542 | Bk. Adv. 23-2020 | 1/9/25 | Third Circuit Order affirming 23-2020 decision |
| a549 | – | 1/25/2022 | Filed deed to Biros |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    )
                                          )
    U LOCK INC,                           )
                                          )      **2:24-cv-00135-CB**
            Debtor.                       )
————————————————————————— )
GEORGE SNYDER,                            )
                                          )
                Appellant,                )
                                          )
        v.                                )
                                          )
CHRISTINE BIROS,                          )
                                          )
                Appellee.                 )

NOTICE OF APPEAL

I appeal from the order and judgment docketed December 31, 2024, to

the U.S. Court of Appeals for the Third Circuit.

Respectfully submitted,

/s/ *George Snyder*
George Snyder
PO Box 15
Irwin PA 15642

Appellant

**Page 002**
FILED
1/22/2024 11:31 P.M.
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Official Form 417A (12/23)

IN RE   U LOCK INC.                    Case 22-20823-GLT     RE DOCUMENT 523

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s):

    _____GEORGE SNYDER_____          _____

2.  osition of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.

    ❑ Plaintiff
    ❑ Defendant
    ❑ Other (describe) _____

    For appeals in a bankruptcy case and not in an adversary proceeding.

    ❑ Debtor
    XXX Creditor
    ❑ Trustee
    ❑ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1.  Describe the judgment—or the appealable order or decree—from which the appeal is taken:

    ~~Order approving settlement with~~ Trustee and Christine Biros but not offsetting claim with erroneously paid taxes.

2.  State the date on which the judgment—or the appealable order or decree—was entered:

    _January 8, 2024_____   _____

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: ___Christine Biros___     Attorney: ___Robert Bernstein_____

    _____
    _____
    _____

2.  Party: _Robert Slone_____    Attorney: ___Robert Slone_____

    _____
    _____
    _____

## **Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## **Part 5: Sign below**

*/s/ George Snyder*
_____

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
_GEORGE SNYDER_____
_BOX 15_____
_IRWIN PA  15642_____
_____

Date: _*1/22/2024*_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

FILED
1/31/2024 11:52 a.m.
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**Page 004**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Official Form 417A (12/23)

IN RE   U LOCK INC.                    Case 22-20823-GLT      RE DOCUMENT 523

*REVISED*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION
## (REVISING ENTRY 532)

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   _____GEORGE SNYDER_____      _____

2. osition of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ❑ Plaintiff
   ❑ Defendant
   ❑ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ❑ Debtor
   XXX Creditor
   ❑ Trustee
   ❑ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   ~~Order approving settlement with~~ Trustee and Christine Biros but not offsetting claim with erroneously paid taxes.
2. State the date on which the judgment—or the appealable order or decree—was entered:
   _January 8, 2024_____    _____

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: ___Christine Biros___      Attorney: __Robert Bernstein_____
                                                 _601 Grant St 9th Floor_____
                                                 Pittsburgh PA 15219 ___ _____
                                                 412-456-8101_____

2. Party: _Robert Slone_____      Attorney: _Robert Slone_____
                                                 223 South Maple Avenue_____ _
                                                 Greensburg, PA 15601-3232._____
                                                 Phone. 724-834-2990          _

**Appendix Vol. 1          Page 004**

## **Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑   Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## **Part 5: Sign below**

*/s/ George Snyder*
_____        Date: *1/22/2024 revised 1/31/2024*
Signature of attorney for appellant(s) (or appellant(s)                _____
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
*GEORGE SNYDER*
*BOX 15*
*IRWIN PA 15642   412 979 9999*
_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GEORGE SNYDER,                           )
                                         )
                    Appellant,           )          Civil Action No. 2:24-cv-00135
                                         )
        v.                               )          Judge Cathy Bissoon
                                         )
CHRISTINE BIROS, *et al.*,               )
                                         )
                    Appellees.           )

**<u>JUDGMENT ORDER</u>**

  FINAL JUDGMENT hereby is entered pursuant to Rule 58 of the Federal Rules of Civil

Procedure.  This case has been marked closed.

  IT IS SO ORDERED.


December 31, 2024                          <u>s/Cathy Bissoon   </u>
                                          Cathy Bissoon
                                          United States District Judge


cc (via First-Class U.S. Mail):

George Snyder
PO Box 15
Irwin, PA 15642

cc (via ECF email notification):

All Counsel of Record

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE SNYDER, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 2:24-cv-00135 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CHRISTINE BIROS, *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

For the reasons that follow, the Order of Judge Gregory L. Taddonio, dated January 8, 2024, will be affirmed.

In his appeal, Appellant George Snyder makes bald assertions that the Bankruptcy Court erred by not considering the need to set off the administrative claim when it granted in part the Consent Motion to Approve Settlement Agreement. *See generally* Snyder Informal Br. (Doc. 13).[1] Pursuant to Bankruptcy Rule 9010, the Bankruptcy Court must determine whether a proposed settlement is fair. In exercising its discretion to approve settlement, the Bankruptcy Court must consider the following four factors: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. <u>In re Martin</u>, 91 F.3d 389, 393 (3d Cir. 1996).

Here, the record establishes that the Bankruptcy Court's analysis of the *Martin* factors during its April 2023 hearing, *see* App. (Doc. 14) A311–12 (discussing probability of success on

---

[1] The January 8, 2024 Order also granted Appellee Christine Biros's Motion to Reschedule Hearing, but Appellant does not discuss this issue and neither will the Court.

the merits; difficulty of collection; complexity of litigation; and interest of the creditors), its

January 2024 hearing, *see id*. at A350 (same), and its January 2024 Order, *see id*. at A366

(same), supports its decision to approve the settlement.  Additionally, as Appellee Christine

Biros argues, the Bankruptcy Court considered Appellant's extensive objections, and provided

an opportunity to be heard regarding Appellee's remaining claim — the administrative expense

claim for post-petition rent.  *See id*. at A297–328, A352–70.  To the extent Appellant argues that

the Bankruptcy Court was to consider "whether the amount of rent should have been setoff by

the property taxes that the trustee paid," Snyder Informal Br. 27, he ignores that the Bankruptcy

Court "knew in April 2023 of the possibility that the Trustee might pay the outstanding real

estate taxes on the Subject Property **before** [the Bankruptcy Court] stated [its] approval of the

compromise, which expressly included rent at the $2,000-per-month rate, *see* Appellee Br. (Doc.

18) (emphasis added) (citing App. at A310), and Appellant did not "otherwise object to the

reasonableness of the proposed settlement of Ms. Biros' [*sic*] administrative expense claim for

post-petition rent," App. at A349.  For these reasons, this Court finds that the Bankruptcy Court

did not abuse its discretion and finds no reason to disturb the Bankruptcy Judge's ruling.

  IT IS HEREBY ORDERED that the Bankruptcy Court's Order, dated January 8, 2024, is

**AFFIRMED**.  This case will be marked closed.[2]

---

[2] Rules 8008 and 8018 of the Federal Rules of Bankruptcy Procedure set the time limits for filing briefs.  Appellant is unclear in his appeal as to whether it is brought against Trustee Robert Slone, *compare* Notice of Appeal Cover Letter (Doc. 1) *with* Snyder Informal Br.  Mr. Slone has not filed a brief in this matter.  Nevertheless, courts have issued rulings on the merits despite *appellees* failing to file a timely brief or a brief at all.  *See, e.g.*, In re Rauso, 212 B.R. 242, 244 (E.D. Pa. 1997) (holding appeal was ripe for decision despite appellee's failure to file a brief); *see also* A. Marcus, Inc. v. Farrow, 94 B.R. 513, 515 (N.D. Ill. 1989) (denying bankruptcy appeal without appellee filing its brief).  A. Marcus, Inc., 94 B.R. at 515, is most like the instant case insofar as the district court held that appellant was not entitled to relief for failing to prove reversible error, despite appellee's failure to file a responsive brief.  As discussed above, Appellant has failed to prove that he is entitled to relief independent of Mr. Slone's failure to file a submission.  Unfortunately, the reasonable sanction that shall be imposed as to Mr. Slone is the "prohibit[ion] from offering oral argument without permission of the Court," *see* In re Rauso, 212 B.R. at 244, but

IT IS SO ORDERED.

December 31, 2024                          s/Cathy Bissoon
                                          Cathy Bissoon
                                          United States District Judge

cc (via First-Class U.S. Mail):

George Snyder
PO Box 15
Irwin, PA 15642

cc (via ECF email notification):

All Counsel of Record

---

this "sanction is merely theoretical, however, as the Court finds this appeal suitable for decision without oral argument," *id*.

FILED
1/8/24
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | Case No. 22-20823-GLT |
|  | : |  |
| **U LOCK INC.,** | : | Chapter 7 |
|  | : |  |
| *Debtor*. | : | Related to Dkt. Nos. 345, 501 |
|  | : |  |

## ORDER

This matter came before the Court on January 4, 2024 upon the *Motion to Reset the Hearing on Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion") filed by Christine Biros.[1]  Through the *Motion*, Ms. Biros requested the Court resume consideration of her *Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Settlement Motion"), but only as it relates to her administrative expense claim given the estate's limited resources.[2]  As the *Settlement Motion* involved claims arising from Ms. Biros' ownership of certain real property ("Property"), the Court previously continued it generally pending the resolution of an avoidance action filed by Shanni Snyder.  Since that time, the Court has dismissed the Ms. Snyder's avoidance action with prejudice and, on January 5, 2024, was affirmed on appeal by the United States District Court for the Western District of Pennsylvania.[3]

Both Ms. Snyder and George Snyder filed responses (albeit before the District Court ruled) asserting that consideration of the *Settlement Motion* is premature before appellate rights have been exhausted.[4]  And both had previously filed objections to the *Settlement Motion* because they

---

[1]    Dkt. No. 501.

[2]    Dkt. No. 345.

[3]    See Snyder v. Biros (In re U Lock, Inc.), 652 B.R. 456 (Bankr. W.D. Pa. 2023), aff'd, 2:23-cv-1410-AJS, Dkt. No. 8 (W.D. Pa. Jan. 5, 2024).

[4]    See *Response to Motion to Reset the Hearing on Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure*, Dkt. No. 506; *Response of George Snyder to Motion to Reset Hearing*, Dkt. No. 507.

contested Ms. Biros' ownership of the Property.[5]  Beyond that, neither party otherwise objected to

the reasonableness of the proposed settlement of Ms. Biros' administrative expense claim for post-

petition rent.

It is undisputed that the Debtor occupied the Property for approximately nine months

post-petition before Ms. Biros was granted stay relief.[6]  As such, she is entitled a reasonable

administrative expense claim for the estate's use under section 503(b)(1)(A) of the Bankruptcy

Code.[7]  Whether the Snyders like it or not, Ms. Biros is the owner of the Property.[8]  The remote

possibility that the United States Court of Appeals for the Third Circuit might reverse if a timely

appeal is taken is not a valid reason to delay quantifying the claim.  Since it will not be paid until a

final distribution, there is no risk or prejudice to merely determining the proper amount now.

Ms. Biros and Robert H. Slone, the chapter 7 trustee, have agreed to settle Ms. Biros'

claim for post-petition rent for $18,000.[9]  While that is a substantial reduction from the amount Ms.

Biros claimed, the Court places little weight on the value she ascribes.[10]  Instead, the Court observes

that that proposed $18,000 represents a monthly rental expense of $2,000, which is only $500 more

per month than the Court previously allowed Ms. Biros to credit bid.[11]  Admittedly, that means the

---

[5]     See *Objection to Consent Motion to Approve Settlement Agreement Pursuant to Federal Rules of Bankruptcy Procedure*, Dkt. No. 352; *Objections of George Snyder to Consent Motion to Approve Settlement Agreement*, Dkt. No. 345.

[6]     See Dkt. No. 307.

[7]     11 U.S.C. § 503(b)(1)(A).

[8]     In re U Lock, Inc., 652 B.R. at 469.

[9]     *Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure*, Dkt. No. 345 at ¶ 25(a).

[10]    See *Christine Biros' Amended Motion for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1) and/or Payment of Adequate Protection*, Dkt. No. 344 (requesting $63,000 and filed contemporaneously with the *Settlement Motion*); see also In re U Lock, Inc., No. 22-20823-GLT, 2023 WL 308210, at *2 (Bankr. W.D. Pa. Jan. 17, 2023) (initially requesting an administrative expense of $144,000).

[11]    *Transcript of December 15, 2022 Hearing*, Dkt. No. 264 at 21:5-11.

2

post-petition rental obligation is greater than U Lock's prepetition gross revenues,[12] but the Court is mindful that this is not a typical voluntary landlord-tenant scenario with a written lease agreement.

Ultimately, the settlement only needs to be fair. That means "the court need not be convinced that it is the best possible compromise, but only that it falls above the lowest range of reasonableness."[13] To strike the appropriate balance, a court should consider:

> (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.[14]

To be clear, this requires only a canvasing of the issues rather than a full-fledged determination on the merits.[15]

All things considered, the Court finds that an administrative rent claim in the amount of $18,000 is far above the lowest point in the range of reasonable outcomes.

**AND NOW**, therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.    The *Motion* is **GRANTED**.

2.    The *Settlement Motion* is **GRANTED IN PART**.

A.    Christine Biros is granted an allowed administrative expense claim under section 503(b)(1)(A) of the Bankruptcy Code for post-petition rent in the amount of $18,000 to be paid through the final distribution.

---

[12]    In re U Lock, Inc., 2023 WL 308210, at *1.

[13]    In re rue21, Inc., 575 B.R. 314, 323 (Bankr. W.D. Pa. 2017) (citing In re Tribune Co., 464 B.R. 126, 158 (Bankr. D. Del. 2011)).

[14]    Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

[15]    Urmann v. Walsh, 523 B.R. 472, 480 (W.D. Pa. 2014) (citing In re Neshaminy Office Bldg. Associates, 62 B.R. 798, 803 (E.D. Pa. 1986)).

3

        B.      By agreement of the parties, the *Settlement Motion* is **DENIED**

**WITHOUT PREJUDICE** in all other respects.

Dated: January 8, 2024

                **GREGORY L. TADDONIO**
                **CHIEF UNITED STATES BANKRUPTCY JUDGE**

4