No. 25-1177

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

In re:  U LOCK INC.,

Debtor.

CHRISTINE BIROS,

    Movant-Appellee,

v.

GEORGE SNYDER,

    Objector-Creditor-Appellant

_____

On Appeal from the Judgment Entered December 31, 2024, by the United States District Court for the Western District of Pennsylvania, No. 2:24cv00135 (Hon. Cathy Bissoon, U.S.Dist. Judge), affirming the Order Entered January 8, 2024, by the United States Bankruptcy Court for the Western District of Pennsylvania at 22-bk-20823 (Hon. Gregory Taddonio, U.S.Bk. Judge)

_____

**APPELLANT'S INFORMAL REPLY BRIEF**

_____

GEORGE SNYDER
PO BOX 15
IRWIN PA  15642
(412) 979-9999
georgecsnyder@pm.me

APPELLANT

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………….. 2

Argument…………………………………………………………………………….. 3

Conclusion……………………………………………………………………………… 7

Combined certifications………………………………………………………………8

# TABLE OF AUTHORITIES

**Cases**:

*In re RFE Indus., Inc.,*
    283 F.3d 159, 165 (3d Cir. 2002)............................................... .passim

*Myers v. Martin*,
    91 F3d 389, 393 (3rd Cir. 1996)............................................... passim

**2**

ARGUMENT

I. **Biros and the Trustee failed to provide an justification for why the administrative rent claim should not be offset by the payments the Estate made for property taxes that Biros owed and this Court should remand for a determination of that issue considering *present* circumstances.**

Both the Trustee and Biros knew that the property taxes for the property were not owed by U Lock, but by Biros. a122 (property tax bill in Christine Biros' name). The bankruptcy court implied in April 2023 that the taxes could be paid from the estate "If it's due and owing from U LOCK, and I don't think particularly that there's an issue with that, then that would be paid from the U LOCK estate." a373. "If" is an important word in this case. It required an analysis.

The problem here is that the taxes were not due and owing by U Lock. More importantly, subsequent to the instruction, the bankruptcy court went so far as to formally find that the property was owned by Biros since 2015, *nunc pro tunc*.

In January 2024, the Trustee announced he paid over $28,000 in property taxes on Biros' property. a464. The bankruptcy court pointedly asked the Trustee why the property taxes were paid. a465 ("And what was the basis for paying the real estate taxes?"). The Trustee replied that it was part of the *original* agreement with Biros and the court told him he could. The Trustee forgot all about the "if."

More problematic is that the Trustee justified the payment by stating he advised counsel for Shanni Snyder. a465. However, the Trustee never advised

3

Appellant George Snyder who was participating at every hearing and had constant contact with the Trustee.[1]

The objections from the parties were clear on the record that the taxes should not have been paid unless they offset the rent. a472 (Shanni Snyder's counsel stating,"If Biros is the property owner, why would U LOCK pay real estate taxes in regard to property owned by Biros?" and then explaining); a475 (George Snyder stating, "the rent should be reduced by the property taxes").

The bankruptcy court never addressed the request to offset the rent claim. It is unclear whether the bankruptcy court felt he did not have the power to offset or reduce the rent claim by the erroneously paid property taxes, whether a separate motion or action should be filed against Biros to recoup the property taxes paid, or whether he glossed over it because he felt it was the Trustee's or even his own error in telling the Trustee he could pay the tax. If the latter, to be clear, the bankruptcy court may not have realized its correct inclusion of the term "if."

One would think Biros and the Trustee would provide some form of explanation or justification for the payment to this Court– some excuse why it was okay to receive rent and payment of the property taxes from U Lock at the same time. Instead, Biros simply states that this Court need not touch the issue because

---

[1] At the hearing, Shanni Snyder's counsel stated that the Trustee told him he was paying, but not that the Trustee could pay both the taxes and the administrative rent on the same property.

**4**

of a limited standard of review. Biros does not address the clear windfall and unjust enrichment she received, simply citing cases about how hard it is to find an abuse of discretion under the *Martin* standard.

What Biros does not do is fully analyze *Myers v. Martin*, 91 F3d 389, 393 (3rd Cir. 1996). Biros cites *Martin* to try to persuade this Court that settlements should be given a hands off approach, but *Martin* implied just the opposite. While *Martin* recognized that settlements serve a useful purpose, it made clear that scrutiny is required.

First, *Martin* explained that, "[t]his particular process of bankruptcy court approval requires a bankruptcy judge to *assess and balance the value of the claim* that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id* at 393.

Second, this Court stated, "a trustee has a fiduciary relationship with *all* creditors of the estate… [h]e has the duty to maximize the value of the estate,and in so doing is "bound to be vigilant and attentive in advancing [the estate's] interests." *Id* at 394. This Court noted that, "this trustee was faced with a conflict between her fiduciary duty to the creditor body as a whole and the alleged duty to go forward with a settlement agreement favoring one creditor but otherwise detrimental to the estate." *Id*.

5

Based on these duties, this Court's *Martin* decision found a bankruptcy court's disallowance of a settlement.

Certainly, this Court's decision did not stand for the proposition that a good hard look should not occur as to proposed settlements.

In *In re: RFE Industries,* 283 F.3d 159, 163 (3rd Cir. 2002), this Court stated, "We note particularly that the Bankruptcy Code uses the word 'may' and not 'must.'" In *RFE*, this Court remanded because the bankruptcy court did not make findings of fact as to the *Martin* factors. In the present case, the bankruptcy court stated it considered the factors, but like *RFE* it did not make findings of fact. The bankruptcy court never weighed the payment of the property taxes when deciding to allow the rent for the same property and never explained how Biros could be paid for both things despite their obvious conflict with one another. You either own a property, pay taxes, and receive rent. Or the other party owns it and they pay taxes.

Moreover, the clear situation with the bankruptcy court finding that Biros owned the property *nunc pro tunc* since 2015 means that "the situation has changed drastically since [the Trustee] first negotiated the Settlement, the bankruptcy court should examine the *Martin* factors in light of the present circumstances." *RFE* 283 F3d at 165.

It is for this reason that this Court must reverse the decision of the bankruptcy court and direct it to examination the "'fairness, reasonableness and adequacy' of the Settlement in light of the factors listed in *Martin*," *In re RFE Indus., Inc.,* 283 F.3d 159, 165 (3d Cir. 2002), under the present circumstances with full analysis of the property tax issue.

## CONCLUSION

This Court should reverse the decision of the bankruptcy court and remand for an analysis of the *Martin*, with findings of fact, and considering: (1) Biros owned the property *nunc pro tunc* since 2015; (2) The property tax bills are in Biros' name;[2] and (3) The bankruptcy court maintains the power to offset administrative rents owed by the Estate's payment of property taxes on the same property.

Respectfully submitted,
/s/ *George Snyder*

---

[2] In addition, Biros possessed most of the property during 2022 and U Lock possessed only a small portion.

## COMBINED CERTIFICATIONS

## CERTIFICATE OF BAR MEMBERSHIP

   The undersigned is not an attorney, so nobody will admit him as a member to the bar. Appellant appears in this case pursuant to 28 USC 1654, in *pro per*.

*/s/ George Snyder.*

## IDENTICAL PDF AND HARD COPY CERTIFICATE

   The undersigned hereby certifies that the PDF file and hard copies of this brief are/will be identical as I intend to download the electronic brief then send it to the printing people.

*/s/ George Snyder*

## VIRUS SCAN CERTIFICATE

   This brief has been automatically scanned during preparation and upon sending by the following virus detection programs: AVG software program, and no viruses were detected.

*/s/ George Snyder*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,154 words excluding the parts of the brief excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R.App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Google Docs in font 14, Times New Roman.

*/s/ George Snyder*

**8**